IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIRAM TECHNOLOGY, INC., | No. C 04-1268 VRW (MEJ) |
| Plaintiff(s), | **ORDER RE: INTERROGATORY NO. 10** |
| vs. | |
| MONOLITHIC SYSTEM TECHNOLOGY, INC, et al., | |
| Defendant(s). | |

The Court is in receipt of the parties' joint meet and confer letter, filed February 8, 2006, regarding plaintiff UniRAM Technology, Inc.'s ("UniRAM") response to defendant Taiwan Semiconductor Manufacturing Company, Ltd.'s ("TSMC") Interrogatory No. 10.  Docket #153. Interrogatory No. 10 requests the following information: "Identify separately each trade secret that UniRAM claims TSMC has misappropriated."  The parties' dispute does not concern the relevancy of the interrogatory, nor does UniRAM argue that disclosure of the information sought would be harmful.  Rather, TSMC argues that UniRAM's response is vague and evasive regarding key aspects of its trade secret claims.  In response, UniRAM argues that it provided comprehensive and detailed disclosures, and that TSMC now seeks to narrow the scope of the trade secrets, which should be considered via a dispositive motion directed to the merits of UniRAM's claims.  In their letter, the parties address four specific areas in dispute.  The Court shall address each in turn.

**1.     Whether UniRAM fails to disclose the specific design, technique, or approach**

First, TSMC argues that UniRAM lists alleged trade secrets that reference a design,

technique, or approach, but in many cases it fails to identify what is the design, technique, or approach. In response, UniRAM argues that the trade secrets relate to complex designs, techniques, and approaches that can only be identified by reference to the materials that disclose them. UniRAM states that it has identified the limited number of documents and communications that it claims disclose these trade secrets.

Upon review of UniRAM's response to Interrogatory No. 10, the Court finds that it should respond with more specificity. As an example, for Trade Secret No. 10, UniRAM responded that disclosure was through "Presentations & Discussions." If it is UniRAM's position that the information requested by TSMC in the joint letter can be identified by reference to the listed materials, it must provide more specificity as to the presentations and discussions. Accordingly, for each trade secret, UniRAM shall identify the **specific** documents and materials, and location within those documents and materials, that disclose the designs, techniques, and approaches. UniRAM shall update its responses within thirty days from the date of this Order.

**2. Whether UniRAM claims a potential result or use but fails to disclose the trade secret that creates it**

Second, TSMC argues that for certain alleged trade secrets, UniRAM states the result achieved, but does not state what the trade secret is. In response, UniRAM argues that it has identified the trade secrets in full and TSMC raises this issue because the trade secrets are broader than it might prefer.

Upon review if UniRAM's response to Interrogatory No. 10, the Court finds that UniRAM need not provide any further response. Rather, if TSMC contends that the trade secrets as stated do not qualify for protection, it should make a dispositive motion on that ground. However, as discussed above, UniRAM must still identify the specific materials, and location within those materials, that disclose the trade secrets.

**3. Whether UniRAM uses terms that need further definition**

Third, TSMC argues that a number of UniRAM's alleged trade secrets contain terms that require further definition. TSMC lists fifteen such terms. In response, UniRAM argues the terms

2

1 listed by TSMC are defined "generally" in connection with its listed trade secrets.  While UniRAM
2 may provide "general" definitions of the terms, the Court finds that more specific definitions would
3 provide clarity on this issue.  Accordingly, the Court ORDERS UniRAM to provide a specific
4 definition within thirty days from the date of this Order for each of the fifteen terms listed by TSMC
5 in Part B and Footnote 6 of the joint letter.

**4.      Whether UniRAM withholds the quantities it claims are trade secrets**

Finally, TSMC argues that numerous alleged trade secrets refer to quantifiable characteristics UniRAM has refused to identify.  In response, UniRAM argues that the quantities are in fact quantified with sufficient precision by reference to documents.  However, as discussed above, UniRAM's response to Interrogatory No. 10 fails to reference documents with specificity.  Accordingly, for each trade secret listed in Footnote 9 of the parties' letter, UniRAM shall identify the **specific** documents and materials, and location within those documents and materials, that provide the quantities.  UniRAM shall update its responses within thirty days from the date of this Order.

**IT IS SO ORDERED.**

Dated: February 14, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

3