IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIRAM TECHNOLOGY, INC., | No. C 04-1268 VRW (MEJ) |
| Plaintiff(s), | **ORDER RE: TAPEOUT FILES** |
| vs. | |
| MONOLITHIC SYSTEM TECHNOLOGY, INC, et al., | |
| Defendant(s). | |

      The Court is in receipt of the parties' joint meet and confer letter, filed March 22, 2006, regarding plaintiff UniRAM Technology, Inc.'s ("UniRAM") request to compel defendant Taiwan Semiconductor Manufacturing Company, Ltd.'s ("TSMC") to produce tapeout files responses to its discovery requests. UniRAM argues that the files are the key evidence from which it can ascertain whether TSMC's products infringe its patents and misappropriate its trade secrets. In response, TSMC seems to agree that the tapeout files are relevant, at least to some extent, but argues that the files contain proprietary information of its customers; therefore, it cannot disclose them without permission under the terms of non-disclosure agreements. Because of the number of customers involved, TSMC seeks permission for the third parties to submit individual oppositions to UniRAM's request.

      Upon review of the parties' letter, the Court finds that the parties can narrow the scope of this dispute, if not resolve it in its entirety, before presenting it to the Court for resolution. Accordingly, the Court hereby ORDERS as follows:

1) Within 21 days, TSMC shall provide UniRAM with a list and explanation of its customers' specific objections to producing the tapeout files. TSMC shall also state what additional protections its customers seek.

2) Within 7 days of receipt of TSMC's customers' objections, UniRAM shall provide TSMC with a written response to each objection, including which objections should reasonably limit the scope of production.

3) Upon completion of this briefing, the parties shall meet and confer in person to determine how the materials can be produced subject to TSMC's customers' reasonable objections. During their meet and confer, the parties should be mindful that the tapeout files appear relevant and should be produced in some form. If necessary, the parties may draft a stipulated protective order for production of the tapeouts.

If unable to resolve their dispute after the further meet and confer session, the parties shall then file a joint letter addressing the third parties' objections which are unresolved. Due to the number of customers involved, the Court shall not consider briefing from third parties; rather, all objections shall be presented in the form of a joint letter from the named parties. If necessary due to the sheer volume of unresolved objections, the parties may seek leave to file a joint letter in excess of five pages.

**IT IS SO ORDERED.**

Dated: March 23, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

2