SUSMAN GODFREY L.L.P.
Max L. Tribble, Jr. (admitted *pro hac vice*)
Joseph S. Grinstein (admitted *pro hac vice*)
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096
Telephone:     (713) 651-9366
Facsimile:     (713) 654-6666

Attorneys for Plaintiff/Counterdefendant
UniRAM TECHNOLOGY, INC.

(additional counsel listed below)

O'MELVENY & MYERS LLP
Mark C. Scarsi  (S.B. #183926)
Ryan K. Yagura (S.B. #197619)
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:     (213) 430-6000
Facsimile:     (213) 430-6407

Attorneys for Defendant/Counterclaimant
MONOLITHIC SYSTEM TECHNOLOGIES, INC.

WEIL, GOTSHAL & MANGES LLP
Edward Reines (CA Bar No. 135960)
Paul T. Ehrlich (CA Bar No. 228543)
Brandon D. Conard (CA Bar No. 234824)
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:     (650) 802-3000
Facsimile:     (650) 802-3100

Attorneys for Defendants/Counterclaimants
TAIWAN SEMICONDUCTOR MANUFACTURING
COMPANY, LTD. And TSMC NORTH AMERICA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNIRAM TECHNOLOGY, INC.<br><br>                 Plaintiffs,<br>    v.<br><br>MONOLITHIC SYSTEM TECHNOLOGY, INC.; TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LTD.; and TSMC NORTH AMERICA,<br><br>               Defendants.<br>AND RELATED COUNTERCLAIMS. | Case No. CV 04-1268 VRW<br><br>**MODIFIED STIPULATION FOR PROTECTIVE ORDER** |

_____

**STIPULATION FOR MODIFIED PROTECTIVE ORDER**

**Case No. CV 04-1268 VRW**

WHEREAS, the parties UniRAM Technology, Inc., Monolithic System Technology, Inc., Taiwan Semiconductor Manufacturing Company, Ltd., and TSMC North America recognize that information and materials that contain confidential business, technical, scientific, or financial information have been or may be sought, produced, or exhibited by or among the parties; and

WHEREAS, the parties wish to maintain and protect the confidentiality of such information and materials and restrict access to and disclosure of such information and materials;

IT IS STIPULATED AND AGREED by the parties and their undersigned attorneys, and IT IS HEREBY ORDERED THAT:

**1.  PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

---

STIPULATION FOR MODIFIED PROTECTIVE ORDER

## 2.  DEFINITIONS

2.1      Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2      Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3      "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4      "Highly Confidential – Attorneys' Eyes Only" Information or Items:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5      Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6      Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7      Designating Party: Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only." A TSMC CUSTOMER shall have rights as a Designating Party with respect to that customer's TAPEOUT(S), as

long as that customer's TAPEOUT(S) was produced or made available for inspection in this litigation by TSMC after August 15, 2006.

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   House Counsel: attorneys who are employees of a Party.

2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14.   TSMC CUSTOMER – Any non-party that sent TSMC a GDSII file to be taped out by TSMC.

2.15.   TAPEOUT – A GDSII file, along with the associated files and documentation, created by a TSMC CUSTOMER and sent to TSMC to be taped out.

---

**STIPULATION FOR MODIFIED PROTECTIVE ORDER**

### 3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

### 4.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### 5.  DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Production. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the

Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentially designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3  Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1  Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation

has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation (by executing this Stipulation and Proposed Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of the Order, and will make appropriately disclosure of these terms and conditions to all employees who will have access to information pursuant to the Order);

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation (by executing this Stipulation and Proposed Order, Outside Counsel acknowledges the obligation on behalf of all employees of Outside Counsel to abide by the terms and conditions of the Order, and will make appropriately disclosure of these terms and conditions to all employees who will have access to information pursuant to the Order);

(b) on behalf of TSMC, Ltd. And TSMC, NA, in-house counsel Scott Hover-Smoot, Esq., provided he has signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and further provided that any party may subsequently seek to amend this protective order, either by motion or stipulation, to allow access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to additional in-house counsel);

(c) Experts (as defined in this Order ) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

---

(f) the author of the document or the original source of the information.

7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" Information or Items to "Experts."

(a) Except as to Designating Parties that are TSMC CUSTOMERS and unless otherwise
ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose
to an "Expert" (as defined in this Order) any information or item that has been designated
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request
to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his
or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the
Expert's current employer(s), (4) identifies each person or entity from whom the Expert has
received compensation for work in his or her areas of expertise or to whom the expert has
provided professional services at any time during the preceding five years, and (7) identifies (by
name and number of the case, filing date, and location of court) any litigation in connection with
which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding
paragraph may disclose the subject Protected Material to the identified Expert unless, within
seven court days of delivering the request, the Party receives a written objection from the
Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

~~(c) As to Designating Parties that are TSMC CUSTOMERS:  [UNIRAM'S
VERSION]~~

~~(i) for those Experts whom UniRAM has previously disclosed to TSMC,
including Robert Murphy, TSMC CUSTOMERS shall have until Monday, August 21,
2006, to submit written objections to disclosure to those Experts of TSMC CUSTOMER
TAPEOUTS.  With the exception that written objections would be due on August 18, all~~

~~other procedures for raising and addressing such objections, as set forth in Section 7.4(a), above, apply.~~

~~(ii) for any Experts not yet disclosed by any Party, TSMC CUSTOMERS shall be afforded the same opportunities and timing for written objections as would any Designating Party under the terms of Section 7.4(a), above.~~

**(d) As to Designating Parties that are TSMC CUSTOMERS:   ~~[TSMC'S VERSION]~~**

(i) for those TSMC CUSTOMERS who received notice of the Parties' Experts prior to the entry of this Protective Order shall have five days following the entry of this Protective Order to submit written objections to disclosure to those Experts of TSMC CUSTOMER TAPEOUTS.  All other procedures for raising and addressing such objections, as set forth in Section 7.4(a), above, apply.

(ii) for any Experts not yet disclosed by any Party, TSMC CUSTOMERS shall be afforded the same opportunities and timing for written objections as would any Designating Party under the terms of Section 7.4(a), above.

(e) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the

parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of

its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10.  FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 11.  FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party

may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12.  MISCELLANEOUS

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

## 13.  LIMITATIONS ON PATENT PROSECUTIONS

---

No individual (including attorneys, agents, paralegals, and support staff) who receives material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order shall prosecute any patent application or participate in the prosecution of any patent application on behalf of any party to this action on any subject, until one year after the final conclusion of this litigation, including appeals.  This provision shall apply only to individuals who actually receive material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order and shall not apply to other individuals at the same firm who do not receive such material.

(A)     No individual (including attorneys, agents, paralegals, and support staff) who receives material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by a party under the terms of this Protective Order shall prosecute any patent application or participate in the prosecution of any patent application on behalf of any party to this action on any subject, until one year after the final conclusion of this litigation, including appeals.  This provision shall apply only to individuals who actually receive material designated HIGH CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order and shall not apply to other individuals at the same firm who do not receive such material.

(B)     No individual (including attorneys, agents, experts, paralegals, and support staff) who reviews a TSMC CUSTOMER'S TAPEOUT designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order shall prepare or prosecute any patent application relating to semiconductor devices that compete with the product(s) resulting from the TSMC CUSTOMER'S TAPEOUT reviewed, until one year after the final conclusion of this litigation, including appeals.  This bar, as it relates to expert activities, shall end no later than one year after the expert submits a final bill in this case. This provision shall

apply only to individuals who actually review a TSMC CUSTOMER'S TAPEOUT designated HIGH CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order and shall not apply to other individuals at the same firm who do not review such material. This provision shall apply only to the TSMC CUSTOMERS' TAPEOUTS that are produced by TSMC in this litigation after August 15, 2006.

**14.  INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS**

  If any party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to any attorney-client privilege or the work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party.  The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information, including on the basis that privilege has been waived.

**15.  ~~NON-NETWORKED WORKSTATION  [UNIRAM VERSION]~~**

  ~~TSMC CUSTOMER TAPEOUTS not disclosed prior to August 11, 2006, shall be made available in TSMC, when disclosing customer tapeouts that have not been produced prior to August 11, 2006, shall produce those tape outs on one or more computers provided by TSMC in a secure location in the Redwood Shores, California, offices of Weil, Gotshal & Manges, L.L.P.~~

on or before Monday, August 21, 2006.  Counsel for, or Experts retained by, UniRAM may review those tapeouts only on computers that, excepting color and black-and-white printers, shall not be connected to any peripheral device or network, including the Internet.  No later than August 18, 2006, the one or more computers of sufficient computing power shall be provided with the tape outs in standard GDSII format, and standard software necessary to navigate, view, and analyze (*i.e.*, perform all standard DRC types of checks on) said tape outs, and color and black-and-white printers capable of printing screen shots at the rate of at least 5 ppm from said tape outs. Other than the aforementioned printers, the one or more computers shall not be connected to any peripheral device or network, including the Internet.

a. The secure location for tape outs TAPEOUTS and machines will be made available to UniRAM's counsel and/or Experts during regular business hours (8 a.m. to 6 p.m. local time) on 24 hours' notice.  Access shall also be provided on Saturdays and Sundays, so long as actual notice is provided to TSMC counsel by not later than 10 a.m. local time on the Friday before the weekend for which access is requested.  Access from 6 p.m. through midnight local time on weekdays shall be provided so long as actual notice of such need is provided to TSMC counsel by not later than 4 p.m. local time on that day.  UniRAM shall make its best efforts to restrict its access to normal business hours.  Analysis programs shall be allowed to run 24 hours per day.

b. Subject to the foregoing schedule, UniRAM's counsel and/or experts shall provide any TSMC customer whose tape out TAPEOUT will be inspected at least 24 hours notice.  A single representative for the TSMC customer may attend the inspection.  In no event may any representative or attorney for TSMC or MoSys attend the inspection.

c. Counsel and/or experts for UniRAM will be allowed to print black-and-white and color paper copies of any aspects of the tape out TAPEOUT files, and will be allowed to take

---

1  with them those paper copies.  Those copies must be maintained by counsel or experts for

2  UniRAM in a secured container or location at all times, and must be marked "HIGHLY

3  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4          d.      Within 72 hours of any inspection, UniRAM's counsel shall produce Bates-

5  numbered documents for any copies printed from the one or more computers during that

6  inspection.

7

8

9  **16.    PROVIDING    THE    NON-NETWORKED    WORKSTATION(S)    [UNIRAM'S**
   **VERSION]**

10

11          Counsel for UniRAM and TSMC have been unable to reach an agreement with respect to

12  whether  UniRAM  versus TSMC shall be responsible for providing the computer(s) described

13  in Section 15, the software necessary to be able to navigate, view, and analyze TAPEOUTS, and

14  color and black-and-white printers capable of printing screen shots.  UniRAM's position is that

15  TSMC should provide this hardware, software, and printer(s).  TSMC's position is that UniRAM

16  should provide this hardware, software, and printer(s).

17

18          The cost of providing the computers, software and printers described above shall be shared

19  between UniRAM, TSMC, and MoSys, divided 50%, 35% and 15%, respectively.

20

21  **17.    NON-NETWORKED WORKSTATION  [TSMC'S VERSION]**

22

23          TSMC CUSTOMER TAPEOUTS not disclosed prior to August 11, 2006, shall be made

24  available in the Redwood Shores, California, offices of Weil, Gotshal & Manges, L.L.P. on

25  within fourteen days following the entry of this Protective Order.  Counsel for, or Experts

26  retained by, UniRAM or MoSys may review those tapeouts only on computers that, excepting

27  color or black-and-white printers, shall not be connected to any peripheral device or network,

28  including the Internet.

---

a.      The secure location for TAPEOUTS and machines will be made available to UniRAM or MoSyS Counsel and/or Experts every weekday during the hours of 8 a.m. and 8 p.m. local time, on 24 hours' notice.  UniRAM shall make its best efforts to restrict its access to normal business hours.  Analysis programs shall be allowed to run 24 hours per day.

b.      Subject to the foregoing schedule, UniRAM or MoSyS Counsel and/or experts shall provide any TSMC CUSTOMER whose TAPEOUT will be inspected at least 24 hours notice.  A single representative for the TSMC CUSTOMER may attend the inspection.  In no event may any representative or attorney for the other Parties attend the inspection.

c.      Counsel and/or experts for UniRAM or MoSyS will be allowed to print black-and-white and color paper copies of any aspects of the TAPEOUT files, and will be allowed to take with them those paper copies.  Those copies must be maintained by counsel or experts for UniRAM in a secured container or location at all times, and must be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

d.      Within 72 hours of any inspection, UniRAM's or MoSyS counsel shall produce Bates-numbered documents for any copies printed from the one or more computers during that inspection.

---

IT IS SO STIPULATED.

1

2    DATED:_____          SUSMAN GODFREY L.L.P.

3

4                                       By: _____
                                             Max L. Tribble
5                                            Joseph S. Grinstein
                                             John Newcomb
6                                            Attorneys for Plaintiff, UniRAM Technology, Inc.

7

8    DATED:_____          CONLEY ROSE, P.C.

9                                       By: _____
                                             Russell A. Chorush
10                                           Attorneys for Plaintiff, UniRAM Technology, Inc.

11

12   DATED:_____          TOWNSEND AND TOWNSEND AND CREW

13

14                                      By: _____
                                             George M. Schwab
15                                           Attorneys for Plaintiff, UniRAM Technology, Inc.

16   DATED:_____          O'MELVENY & MEYERS LLP

17

18                                      By: _____
                                             Mark Scarsi
19                                           Ryan Yagura
                                             Attorneys for Defendant Monolithic System
20                                            Technology, Inc.

21

22   DATED:_____          WEIL, GOTSHAL & MANGES LLP

23

24                                      By: _____
                                             Edward Reines
25                                           Paul T. Ehrlich
                                             Brandon D. Conard
26                                           Attorneys for Defendants, TSMC Ltd. and
                                             TSMC North America

27

28

---

**STIPULATION FOR MODIFIED PROTECTIVE ORDER**

**Case No. CV 04-1268 VRW**

PURSUANT TO STIPULATION, IT IS SO ORDERED:

1

2

3    DATED:_____          _____

4                                         Honorable Vaughn R. Walker
                                          United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**STIPULATION FOR MODIFIED PROTECTIVE ORDER**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

       I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court for the Northern

District of California on [date] in the case UniRAM Technology, Inc. v. Monolithic Systems Technology,

Inc. et al., Case No. CV 04-1268 VRW.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

       I further agree to submit to the jurisdiction of the United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action.

       I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my California agent for

service of process in connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.


Date:_____

City and State where sworn and signed: _____

Printed name:_____

Signature:_____