IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIRAM TECHNOLOGY, INC., | No. C 04-1268 VRW (MEJ) |
| Plaintiff(s), | **ORDER RE: UNIRAM'S RESPONSE TO TSMC'S INTERROGATORY NO.12** |
| vs. | |
| MONOLITHIC SYSTEM TECHNOLOGY, INC, et al., | |
| Defendant(s). | |

The Court is in receipt of the parties' joint meet and confer letter, dated January 17, 2007, regarding plaintiff UniRAM Technology, Inc.'s ("UniRAM") response to defendant Taiwan Semiconductor Manufacturing Company, Ltd.'s ("TSMC") Interrogatory No. 12. TSMC alleges that UniRAM's Final Trade Secret Disclosure fails to identify the dates, meeting participants, and documents that correspond to UniRAM's trade secrets. In addition, TSMC alleges that UniRAM has failed to provide trade-secret-by-trade-secret contentions. In response, UniRAM argues that their Final Trade Secret Disclosure provides ample detail regarding dates, meetings, participants and documents related to the disclosure of each trade secret, when the table portion is read in conjunction with the narrative portion. Implicit in UniRAM's argument is the assumption that the 12 alleged trade secrets are described with a reasonable degree of specificity.

Upon review of the parties' submission, the Court finds that UniRAM described its 12 alleged trade secrets with a reasonable degree of specificity. UniRAM does not allege that the various features of a given trade secret qualify for protection when taken separately. Rather, it argues that the precise combination of features, when taken together, form a trade secret. However,

having established the specificity of the 12 alleged trade secrets, UniRAM cannot reference documentary evidence of disclosure of each trade secret generally, without clarifying whether UniRAM alleges that the particular document evidences disclosure of the entire trade secret, or merely evidences disclosure of one of the various features of the trade secret. If each document listed UniRAM's Documentary Evidence of Disclosure column is alleged to prove disclosure of the entire corresponding trade secret, then UniRAM need not qualify the documents. However, if any of the documents referenced are alleged to prove disclosure of anything less than the entire corresponding trade secret, UniRAM must specify which documents correspond to which features. For example, if email TSMC0041196 is alleged to prove disclosure of trade secret # 1 in its entirety, then no additional annotation would be required for that entry. However, if email TSMC0041196 is alleged to prove disclosure of anything less than the entire trade secret, then UniRAM must specify what features TSMC0041196 purports to disclose.

As the distinction between trade secrets and non-trade secrets is significant, so too is the distinction between documents that are alleged to prove disclosure of trade secrets, and those that are alleged merely to prove disclosure of various features. These annotations will resolve TSMC's issues with regard to the specificity of UniRAM's contentions, and should also remedy discrepancies as to document identity, date of disclosure, and identity of participants.

**IT IS SO ORDERED.**

Dated: February 6, 2007

MARIA-ELENA JAMES
United States Magistrate Judge

2