IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIRAM TECHNOLOGY, INC., | No. C 04-1268 VRW (MEJ) |
| Plaintiff(s), | **ORDER RE: TSMC'S INTERROGATORIES Nos. 22 and 23** |
| vs. | |
| MONOLITHIC SYSTEM TECHNOLOGY, INC, et al., | |
| Defendant(s). | |

    The Court is in receipt of the parties' joint meet and confer letter, dated January 17, 2007, regarding plaintiff UniRAM Technology, Inc.'s ("UniRAM") response to defendant Taiwan Semiconductor Manufacturing Company, Ltd.'s ("TSMC") Interrogatories Nos. 22 and 23. The Court ordered further briefing on January 23, 2007 regarding whether conception and reduction to practice are relevant to trade secret claims. TSMC filed its response on January 30, 2007, and UniRAM filed its response on February 6, 2007. TSMC alleges that conception and reduction to practice are relevant to UniRAM's trade secret misappropriation claims. Specifically, TSMC asserts that discovery of UniRAM's conception and reduction to practice will help it rebut UniRAM's theory of how the trade secrets developed, and the dates of conception and reduction to practice will help focus the parties' discovery efforts. In response, UniRAM argues that conception and reduction to practice are only relevant in the patent context and are irrelevant to trade secret misappropriation claims. Upon review of the parties' submissions, the Court finds that the dates of UniRAM's conception and reduction to practice of its alleged trade secrets are relevant to the subject matter of the suit for discovery purposes.

1    A trade secret is information that is subject to reasonable efforts to maintain secrecy, and
2 which derives actual or potential independent economic value from not being generally known to the
3 public. Cal. Civ. Code § 3426.1(d). Thus, there is no requirement that the holder of a trade secret
4 ever conceive of an operative invention, only that the information possessed have some economic
5 value from not being generally known, even if it is only potential economic value. *Id.* Similarly,
6 there is no requirement that the holder of a trade secret ever reduce the secret to practice, only that
7 the holder use reasonable steps to maintain the secrecy of the information. *Id.*

8    Each party has the right to discover any matter that is relevant to the claim or defense of any
9 party, so long as the matter is not privileged. Fed .R. Civ. P. 26(b)(1). In addition, the court may
10 permit discovery of information that is relevant to the subject matter of the litigation after a showing
11 of good cause. *Id.* Contrary to UniRAM's position, the relevance of conception and reduction to
12 practice is not necessarily limited to patent cases. In *Burton Inc. v. Foreman*, 148 F.R.D. 230, 234
13 (N. Dist. Ind. 1992), the District Court for the Northern District of Indiana held that the dates of the
14 defendant's conception and reduction to practice of a vacuum interface valve were relevant for
15 discovery purposes to the subject matter of the plaintiff's trade secrets misappropriation claim. The
16 claim in *Burton* was based on the theory that the defendant used trade secrets appropriated from his
17 previous employment with the plaintiff's vacuum interface valve company to produce a vacuum
18 interface valve for a subsequent employer. *Id.* at 233. The court found that the dates of the
19 defendant's conception and reduction to practice were probative as to whether the defendant used
20 trade secrets gained through his prior employment with the plaintiff. *Id.* at 233-34. Though not
21 binding on this Court, the *Burton* opinion provides an example of how conception and reduction to
22 practice may be relevant to trade secret misappropriation.

23    Here, TSMC has shown good cause for discovery of the dates of UniRAM's conception and
24 reduction to practice because they will likely narrow the focus of discovery, establish some time line
25 for UniRAM's duty to maintain secrecy, better prepare the parties for trial, facilitate settlement, and
26 assist the parties in evaluating the case. However, the details of UniRAM's conception and
27 reduction to practice are not relevant they are not requirements for a trade secrets misappropriation
28 claim, nor are conception and reduction to practice relevant to a defense of UniRAM's claims. The

1  Court need not reach the question of whether conception and reduction to practice are relevant to the
2  subject matter generally, as no good cause has been shown for discovery beyond the dates of
3  conception and reduction to practice.
4       Accordingly, UniRAM shall provide the dates of conception and reduction to practice for
5  each alleged trade secret for which conception and reduction to practice actually occurred.
6  However, UniRAM need not provide the details of conception and reduction to practice.
7       **IT IS SO ORDERED.**

9  Dated: February 26, 2007
10                                                    MARIA-ELENA JAMES
                                                      United States Magistrate Judge

3