IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIRAM TECHNOLOGY, INC., | No. C 04-1268 VRW (MEJ) |
| Plaintiff(s), | **ORDER RE: TSMC'S INTERROGATORY NO. 19 AND UNIRAM'S INTERROGATORIES NOS. 13 AND 14** |
| vs. | |
| MONOLITHIC SYSTEM TECHNOLOGY, INC, et al., | |
| Defendant(s).  / | |

The Court is in receipt of the parties' joint meet and confer letters, both dated February 15, 2007, regarding plaintiff UniRAM Technology, Inc.'s ("UniRAM") response to defendant Taiwan Semiconductor Manufacturing Company, Ltd.'s ("TSMC") Interrogatory No. 19 and defendant TSMC's response to plaintiff UniRAM's Interrogatories Nos. 13 and 14.

**TSMC's Interrogatory No. 19**

TSMC's Interrogatory No. 19 asks UniRAM to describe every instance of misappropriation or threatened misappropriation by TSMC or MoSys for each alleged trade secret. UniRAM acknowledges that the information sought in Interrogatory No. 19 is relevant, but asserts UniRAM itself does not have access to the evidence of misappropriation since the evidence is marked "Highly Confidential--Attorneys' Eyes Only." UniRAM states that although the relevant evidence is available to UniRAM's attorneys and UniRAM's experts, it would not be appropriate for either UniRAM's experts or its attorneys to answer TSMC's interrogatory No. 19.

First, UniRAM claims that it cannot answer the interrogatory without referring to its expert reports, which are not due until March 22, 2007, and answering TSMC's interrogatory No. 19 is

premature to the extent that UniRAM's answer is dependent on expert reports. However, UniRAM cannot delay answering Interrogatory No. 19 simply because expert reports relating to the misappropriation claims are not due until March 22, 2007. While it is certainly true that the expert reports will allow UniRAM to form a more complete, detailed response, UniRAM can form some response to the interrogatory, to be supplemented by the expert reports. UniRAM is not suggesting that it cannot form *any* answer to TSMC's Interrogatory No. 19 without expert reports. The idea that UniRAM could not respond in some meaningful fashion to questions that directly address the very basis of UniRAM's suit without the aide of expert reports is simply not realistic.

Second, UniRAM claims that its attorneys cannot answer the interrogatory because it would reveal the mental impressions and opinions of counsel and that such information is protected from disclosure as attorney work product. The work-product doctrine does not shield UniRAM from answering TSMC's Interrogatory No. 19. UniRAM correctly states that counsels' mental impressions and opinions relating to the evidence of the case are shielded from discovery. However, TSMC's Interrogatory No. 19 does not call for counsel's mental impressions; the interrogatory simply asks for all facts relating to the misappropriation. The work product doctrine does not shield against discovery by interrogatories of the facts that the adverse party's lawyer has learned. *Bio-Rad Lab. v. Pharmacia, Inc.*, 130 F.R.D. 116, 121 (N. Dist. Cal. 1990).

Accordingly, UniRAM shall answer TSMC's Interrogatory No. 19 without revealing counsels' mental impressions or opinions. The answer shall address the facts surrounding the actual or threatened misappropriation of each alleged trade secret, even if those facts are only available to counsel and not to UniRAM itself.

**UniRAM's Interrogatories Nos. 13 and 14**

UniRAM's Interrogatories Nos. 13 and 14 ask TSMC to identify all facts that show independent development by TSMC or MoSys and all facts that show the alleged trade secrets were publicly known by July 1998. First, TSMC claims that requiring it to answer UniRAM's Interrogatories Nos. 13 and 14 is premature because TSMC's answers depend on UniRAM's answer to TSMC's Interrogatory No. 19. The Court agrees. It would be inefficient, if not impossible, to require TSMC to provide evidence which supports a defense to misappropriation claims when the

2

facts and details of the alleged misappropriations are not yet known. Without the dates of the misappropriation for each trade secret, TSMC cannot reasonably be expected to provide discovery proving public knowledge or independent development of each trade secret, since the scope of such discovery will be narrowed by UniRAM's answer to TSMC's Interrogatory No. 19.

Second, TSMC claims that UniRAM's Interrogatories Nos. 13 and 14 are premature because the answers call for expert reports which are not yet due. However, the fact that the expert reports are not yet due does not relieve TSMC from answering UniRAM's interrogatories to the extent that it is able. UniRAM has already stated that it does not expect TSMC's answers to UniRAM's Interrogatories Nos. 13 and 14 to reveal expert opinions before the expert has had adequate opportunity to form such opinions. Thus, TSMC shall answer UniRAM's Interrogatories Nos. 13 and 14 within 30 days of receiving UniRAM's answer to TSMC's Interrogatory No. 19. If TSMC's expert reports are available at the time of answering UniRAM's Interrogatories Nos. 13 and 14, TSMC's answers will incorporate such information from the expert reports as necessary. If expert reports are not available when TSMC answers UniRAM's Interrogatories Nos. 13 and 14, TSMC shall supplement its answers as necessary once expert reports are available.

**IT IS SO ORDERED.**

Dated: March 8, 2007

MARIA-ELENA JAMES
United States Magistrate Judge

3