1

2

3

4

IN THE UNITED STATES DISTRICT COURT

5

FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7  UNIRAM TECHNOLOGY, INC.,                    No. C 04-1268 VRW (MEJ)

8            Plaintiff(s),                     **ORDER RE:UNIRAM'S DEPOSITION
                                               OF TSMC UNDER FED. CIV. P**.
9      vs.                                     **30(B)(6)**

10 MONOLITHIC SYSTEM TECHNOLOGY,

11 INC, et al.,

12            Defendant(s).
   _____/

13

14        The Court is in receipt of the parties' joint meet and confer letter, dated February 21, 2007,

15 regarding plaintiff UniRAM Technology, Inc.'s ("UniRAM") Notice of Deposition Under Federal

16 Rule of Civil Procedure 30(b)(6), which was served on defendant Taiwan Semiconductor

17 Manufacturing Company, Ltd. ("TSMC") on February 2, 2007.

18        TSMC contends that UniRAM's 30(b)(6) notice should be quashed because the notice is

19 untimely, topic 1 of the notice is duplicative of UniRAM's previous 30(b)(6) deposition, and because

20 topics 2 and 3 are more appropriately addressed through contention interrogatories.  Thus, TSMC

21 claims that allowing the 30(b)(6) deposition on these topics is unduly burdensome.  UniRAM

22 responds that it served the 30(b)(6) notice before the close of fact discovery, that the parties already

23 agreed to the deposition, that the previous 30(b)(6) deposition covered topics not at addressed in

24 topic 1, and that UniRAM should be allowed to depose TSMC on topics 2 and 3 because TSMC

25 previously deposed UniRAM on contention topics.

26                          **Timeliness of UniRAM's Rule 30(b)(6) Notice**

27        First, TSMC argues that the Court should quash UniRAM's Rule 30(b)(6) notice because it is

28 untimely.  Specifically, TSMC argues that the discovery extension agreed to in the parties' Joint

United States District Court
For the Northern District of California

1   Case Management Statement ("JCMS") does not apply to this deposition because it was not

2   "previously scheduled" when the JCMS  was filed.

3        Under Rule 30(b)(1), a party that wishes to take a deposition upon oral examination  must

4   give reasonable notice in writing to every other party in the action.  Fed. R. Civ. P. 30(b)(1).  Here,

5   UniRAM informed TSMC of the need for the deposition and disclosed the deposition topics before

6   filing its notice. TSMC agreed to allow the 30(b)(6) deposition since UniRAM was forced to end the

7   previous 30(b)(6) deposition prematurely due to witness unavailability.  UniRAM filed its Notice of

8   Deposition one  month before the close of discovery.  The language of the JCMS does not limit the

9   discovery extension to previously scheduled depositions; rather, it modifies the pretrial schedule to

10  allow the parties to complete discovery that was put on hold pending mediation on November 10,

11  2006.  Thus, the JCMS would seem to accommodate *any* discovery that may have been put on hold.

12       TSMC argues that the JCMS discovery extension is limited to "previously scheduled

13  overseas depositions."  However, the case for limiting the JCMS discovery extension to such

14  depositions is ambiguous at best.  Considering the extensive correspondence concerning the need for

15  the deposition between TSMC and UniRAM in the months leading up to the 30(b)(6) notice and

16  TSMC's previous offer that the original deposition could be continued at a later date, the Court finds

17  that UniRAM's 30(b)(6) notice, filed a month before the close of fact discovery,  is timely.

18                    **Duplicity of UniRAM's Deposition Topic 1**

19       Next, TSMC contends that topic 1 of UniRAM's 30(b)(6) deposition is duplicative of

20  UniRAM's June 2006 deposition of TSMC and that UniRAM had full opportunity to question

21  TSMC during the one-and-a-half day 30(b)(6) deposition in June of 2006.

22       Under Rule 26, courts shall limit discovery if that which is sought is unreasonably

23  cumulative or duplicative.  Fed. R. Civ. P. 26 (b)(2)(C)(i).  A party noticing a deposition pursuant to

24  Rule 30(b)(6) must describe with reasonable particularity the matters on which the examination is

25  requested.  Fed. R. Civ. P. 30(b)(6).  However, the 'reasonable particularity' requirement of Rule

26  30(b)(6) cannot be used to limit what is asked of the designated witness at a deposition.  *Detoy v.*

27  *City and County of San Francisco*, 196 F.R.D. 362, 366-67 (N. D. Cal. 2000).  The 30(b)(6) notice

28  establishes the minimum about which the witness must be prepared to testify, not the maximum.  *Id.*

1    Thus, the question here is not whether topic 1 is duplicative of the June 2006 deposition, but whether

2    topic 1 is *unreasonably* duplicative.

3         A plain reading of both of UniRAM's Notices of Deposition Under Rule 30(b)(6), dated

4    February 9, 2007 and May 17, 2006 respectively, reveals that the topics are not unreasonably

5    duplicative, although there may be significant overlap between them.  Topic 1 from UniRAM's

6    February 9 notice references specific products identified by part number by TSMC ("Emb1TRAM

7    products"), while the May 17 notice references all embedded DRAM memory devices manufactured

8    by TSMC since August 22, 2000.  Additionally, topic 1 from the February 9 notice references

9    UniRAM's trade secret list, while the May 17 notice does not.  Finally, the May 17 notice refers to

10   the '229 patent, while the February 9 notice makes no mention whatsoever of any patents.

11        Although there may be little practical difference between "Emb1TRAM products" and "all

12   embedded DRAM memory devices manufactured by TSMC since August 22, 2000," and despite the

13   fact that many of the individual features of UniRAM's trade secrets are mentioned in the May 17

14   notice, the February 9 notice is more specific than the May 17 notice.  Contrary to TSMC's

15   contention, the fact that UniRAM narrowed its trade secrets from 212 down to 12 secrets since the

16   last deposition means that the two topics are less duplicative, not more duplicative.  Through

17   referencing trade secrets that have been narrowly tailored, topic 1 of the February 9 notice is more

18   narrowly tailored than the May 17 notice and is designed to  produce discovery that is more focused

19   and relevant than that which was produced at the June 13, 2006 deposition.

20        Further, due to a misunderstanding regarding the need for translation at the June 2006

21   deposition, UniRAM was not allowed the entire four days that it would normally be given for

22   translated depositions.  Subsequently, there was some understanding--whether explicit or implicit--

23   between UniRAM and TSMC that the deposition could be reconvened in light of the shortened June

24   2006 deposition.  Thus, to the degree that the topics in the May 17 notice and the February 9 notice

25   could be interpreted as being duplicative, such duplicity would not be unreasonable.

26                    **Appropriateness of UniRAM's Topics 2 and 3 for Deposition**

27        Finally, TSMC claims that UniRAM's topics 2 and 3 are burdensome and that it is

28   unreasonable for it to prepare a witness to summarize six years of meetings and development of

3

United States District Court
For the Northern District of California

1    devices.  TSMC asserts that topics 2 and 3 are more appropriately addressed through contention

2    interrogatories.  TSMC cites *McCormick-Morgan, Inc. v. Teledyne industries, Inc.,* 134 F.R.D. 275

3    (N. D. Cal. 1991) to support the notion that in complex intellectual property cases, depositions under

4    30(b)(6) should not be used as a vehicle for learning the bases for the contentions made and for the

5    positions taken (including all affirmative defenses) by the opposing party.

6            Under Rule 26, courts shall limit discovery if that which is sought is obtainable from some

7    other source that is more convenient, less burdensome, or less expensive.  Fed. R. Civ. P. 26

8    (b)(2)(C)(i).  In *McCormick-Morgan, Inc.*, the court held that the considerations of fairness,

9    efficiency, and common sense required that contentions in complex IP cases be answered through

10   interrogatories because no human being can be expected to set forth a reliable and complete oral

11   account of every contention made and every position taken by a party.  *McCormick-Morgan,* 134

12   F.R.D. at 286.  The court acknowledged that there may be some circumstances in which pursuit of

13   the same information through multiple discovery methods such as interrogatories and depositions

14   might be justified, but that none of those circumstances were present in the case.  *Id.*  The court

15   ordered that *neither* party would be allowed to pursue the bases for the other's contentions through

16   30(b)(6) depositions, and that each party would instead be limited to appropriately framed

17   contention interrogatories.  *Id.* at 288.

18           This case is distinguishable from *McCormick-Morgan, Inc.* because TSMC has already

19   conducted its own 30(b)(6) deposition covering trade secrets contention topics that were the subject

20   of previous contention interrogatories.  The considerations in *McCormick-Morgan, Inc.* of fairness,

21   efficiency, and common sense weigh in favor of allowing UniRAM to complete its 30(b)(6)

22   deposition on the noticed topics.  It would be unfair to prevent UniRAM from conducting its own

23   30(b)(6) deposition on contention topics where TSMC has already done so.  Efficiency is best served

24   by allowing UniRAM's 30(b)(6) deposition to continue because the alternative is to strike TSMC's

25   prior 30(b)(6) deposition and UniRAM's most recent 30(b)(6) deposition, which would negate all of

26   the time, money, and effort that has been invested into these lengthy overseas depositions involving

27   complex issues, multiple lawyers, parties, translators, and support personnel.  Finally, common sense

28   weighs heavily in favor of allowing UniRAM's 30(b)(6) deposition to go forward.  It does not make

4

1   sense to allow one party to take advantage of a dual-pronged discovery tactic, but prevent the party

2   who feels the brunt of this tactic from taking advantage of the same discovery methods.

3        In light of the parties' Joint Case Management Statement and the discovery already

4   conducted by TSMC , the Court finds that UniRAM's Rule 30(b)(6) Notice of Deposition is proper,

5   that UniRAM filed it in a timely fashion during which reasonable notice was given to TSMC, and

6   that it concerns deposition topics that are neither unreasonably duplicative nor overly burdensome.

7        If any objections arise out of the deposition that cannot be resolved by the parties, the parties

8   shall file a joint letter.  The party that prevails on the deposition dispute will be awarded attorney

9   fees and costs incurred in the course of the dispute.

10       **IT IS SO ORDERED.**

11

12   Dated: March 23, 2007

13                                                    _____
                                                     MARIA-ELENA JAMES
14                                                   United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5